UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ethel Carolyn Hunt, | ) | C/A No. 6:10-2683-HFF-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Attorney Richard H. Warder; | ) | |
| Attorney David D. Armstrong; | ) | Report and Recommendation |
| Judge R. Kinard Johnson, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Ethel Carolyn Hunt (Plaintiff), proceeding *pro se*, brings this action against two attorneys and a state court judge. Plaintiff seeks monetary damages and amendment of a property settlement order and divorce decree. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

<u>Pro Se and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff states that, "Richard H. Warder was the Attorney for the Plaintiff, Ethel Carolyn Hunt, Attorney David D. Armstrong was the Attorney for [ ] Ted Theodore Hunt (Ex husband of Plaintiff) and Judge R. Kinard Johnson presided over most of the proceedings" in Plaintiff's divorce case. *See* Complaint, page 3. Plaintiff alleges that she suffers from various mental and physical disabilities and complains that "[s]he should have been protected by the American Disabilities Act along with proper representation and regard throughout all of the proceedings of her [divorce] case." *Id.* During Plaintiff's divorce, Family Court Judge Johnson allegedly "abused his discretion and erred in Fact and Law concerning the division of the marital property." *Id.* at 4. Specifically, Plaintiff challenges Defendant Johnson's decision not to award Plaintiff a portion of Mr. Hunt's annuity. *Id.*

Plaintiff states that Defendant Warder failed to adequately represent her in the divorce proceedings. *Id.* at 5. Defendant Armstrong allegedly had a conflict of interest in Plaintiff's divorce proceeding which caused a "direct adverse effect on the Plaintiff. *Id.* Plaintiff asks this Court to "grant a motion to amend the property settlement order" in her divorce case, "amend the divorce decree," and award Plaintiff monetary damages.

<u>Discussion</u>

As an initial matter, the Plaintiff has previously brought an action in this District Court involving the same Defendants and asserting similar allegations as the instant action. *See Ethel Carolyn Hunt v. Richard H. Warder, et al..*, Civil Action No. 6:05-1613-HFF (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action No. (C/A No.) 6:05-1613-HFF (hereinafter referred to as "Plaintiff's prior case"). Plaintiff's prior case was summarily dismissed for lack of subject matter jurisdiction on July 12, 2005.

As was discussed in the Report and Recommendation entered in Plaintiff's prior case, any claim for damages against Defendants Warder, Armstrong, and Johnson for constitutional violations under 42 U.S.C. § 1983 are subject to summary dismissal. First, South Carolina Family Court Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In the instant action, Plaintiff's claims against Defendant Johnson arise from decisions he made as the presiding Judge in Plaintiff's divorce case. Therefore Defendant Johnson is immune from any claim for monetary damages brought pursuant to § 1983.

Next, to the extent Plaintiff may be attempting to allege a civil rights claim against Defendants Warder and Armstrong, such an action is likewise barred. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff's claims against Defendants Warder and Armstrong stem from their representation of Plaintiff and her husband during their divorce proceedings. As these two Defendants are not "state actors" amenable to suit under § 1983, Plaintiff cannot state a cognizable claim against them under that Statute.

Unlike Plaintiff's previous case, the current complaint does allege a basis for subject matter jurisdiction. Plaintiff claims that her rights, under the Americans with Disabilities Act (ADA), were not adequately protected by the Defendants during Plaintiff's divorce proceedings. The ADA prohibits intentional discrimination against qualified individuals with disabilities "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.§ 12112(a). The ADA requires employers to make reasonable accommodations for disabled individuals. 42 U.S.C. § 12112(b)(5)(A)(B). The statute also applies to government services, public accommodations, and communications, requiring public entities to operate programs and services in a manner that is readily accessible to disabled individuals. 42 U.S.C. §§ 12131(2), 12132. In the present action, Plaintiff does not indicate that she sought employment by, or was employed by, any of the Defendants. Thus, Plaintiff cannot establish an employment discrimination

claim under the ADA.  Nor does Plaintiff demonstrate that the Defendants denied Plaintiff reasonable public accommodations or readily accessible services.  Instead, Plaintiff complains about the way in which the Defendants performed their job duties during Plaintiff's divorce.  As  Plaintiff fails to state a cognizable employment discrimination or failure to accommodate claim under the ADA, her complaint is subject to summary dismissal.

Finally, it is noted that, because this Court is without jurisdiction to consider an appeal from a state court decision, it is unable to amend Plaintiff's property settlement order and divorce decree. *See* 28 U.S.C. § 1257.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257);  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine.  *See*, *e.g.*,  *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)(confining *Rooker-Feldman* Doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision);  *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006).  Thus,  the rulings made in Plaintiff's divorce proceedings, to include Plaintiff's divorce decree and property settlement order, cannot be reviewed or set aside by the United States District Court for the District of South Carolina.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

November 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).